BRUCE L. PETERS, III, and
HOLLY PETERS,

      Plaintiffs,

v.                       Case No:  2:18-cv-401-FtM-99MRM

SELECT PORTFOLIO SERVICING,
INC.,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Doc. #22) filed on September 19, 2018.  Defendant filed a Response in Opposition (Doc. #25) on October 3, 2018.  Defendant asserts four affirmative defenses to the claims set forth in the Complaint, but only three are at issue here.[1]  Plaintiffs seek to strike Affirmative Defenses 2, 3, and 4 (Doc. #12) asserted by Select Portfolio Servicing, Inc., pursuant to Fed. R. Civ. P. 12(f) and 8(b)(1)(A).  For the reasons set forth below, the Motion is granted in part and denied in part with leave to amend.

**I.**

This is a fair debt collection case.  In 2006, plaintiffs obtained a home mortgage loan from Countrywide Home Loans, Inc.,

---

[1] Defendant withdrew affirmative defense no. 1.

and fell behind on payments beginning in 2008.  The debt was transferred to the Bank of New York Mellon ("BONY") in November 2008 and BONY filed a foreclosure complaint against plaintiffs in 2012.  A final judgment of foreclosure was entered and in March 2017, the property was sold at a short sale.  Because of the short sale, plaintiffs allege that they no longer had any legal interest in the property and were no longer responsible for any further payments on the debt.  (Doc. #1, ¶ 16.)

Nonetheless, in July 2017, the servicing of plaintiffs' mortgage loan was transferred to defendant and defendant began sending correspondence and mortgage statements to plaintiffs, attempting to collect a debt on behalf of BONY.  (Docs. ##1-4 - 1-6.)  Plaintiffs responded by filing this action, alleging violations of both federal and Florida law pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 et seq.  (Doc. #1.)

## II.

The Federal Rules of Civil Procedure require a defendant to "affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th

Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting, or <u>sua</u> <u>sponte</u>. Fed. R. Civ. P. 12(f).

As this Court has recently discussed on several occasions, compliance with Rule 8(c) requires a defendant to set forth "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. <u>Pk Studios, Inc. v. R.L.R. Invs., LLC</u>, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at \*2 (M.D. Fla. Aug. 30, 2016) (quoting <u>Daley v. Scott</u>, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at \*3 (M.D. Fla. June 28, 2016)). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide a plaintiff adequate grounds to rebut or properly litigate the defense. <u>Grant v. Preferred Research, Inc.</u>, 885 F.2d 795, 797 (11th Cir. 1989); <u>Hassan v. U.S. Postal Serv.</u>, 842 F.2d 260, 263 (11th Cir. 1988)).

**A. Second and Third Affirmative Defenses (Intent and Bona Fide Error)**

In the Second and Third Affirmative Defenses, defendant claims that it did not have the requisite intent to violate the FCCPA and any violation resulted from a bona fide error, citing Fla. Stat. § 559.72(9), which states: "In collecting consumer

debts, no person shall . . . (9) claim, attempt, or threaten to enforce a debt when such person *knows* that the debt is not legitimate, or assert the existence of some other legal right when such person *knows* that the right does not exist." (emphasis added). Plaintiff moves to strike the defenses claiming they are merely a denial of plaintiffs' allegations and that the defenses fail to allege sufficient facts giving rise to the defenses.

These affirmative defenses are merely a restatement of the bona fide error defense found at Fla. Stat. § 559.77(3) and 15 U.S.C. § 1692k(c). The defense found at 15 U.S.C. § 1692k(c) provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). The FCCPA includes a nearly identical bona fide defense at Fla. Stat. § 559.77(3). "A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1352–53 (11th Cir. 2009). "Such a defense, which does not provide any information connecting it to plaintiff's claims, is precisely

the type of bare-bones conclusory allegation" that is insufficient under Rule 8(c).  <u>Bartholomew v. Pollack & Rosen, P.A.</u>, No. 2:15-CV-135-FTM-29, 2015 WL 3852944, at *2 (M.D. Fla. June 22, 2015) (striking boilerplate bona fide error defense); <u>Schmidt v. Synergentic Commc'ns, Inc.</u>, No. 2:14-CV-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015) (same).  Therefore, the affirmative defenses will be stricken, with leave to amend.

**B. Fourth Affirmative Defense**

The Fourth Affirmative Defense states in its entirety: "To the extent Plaintiffs have experienced any actual damages, they were the result of entities for which SPS is not legally responsible."  (Doc. #12, p. 6.)  Plaintiffs argue that this defense is wholly hypothetical and fails to raise a right to relief above the speculative level as it does not identify the entities that might be responsible or their acts or omissions.

The Court disagrees that defendant must specifically identify the non-party and its acts or omissions at this early stage of the proceedings.  The Court finds no basis to strike defendant's Fourth Affirmative Defense prior to the conclusion of discovery.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Doc. #22) is **GRANTED in part and DENIED in part** to the extent that Affirmative Defenses Two and Three are stricken with leave to

amend within **FOURTEEN (14) DAYS** of this Opinion and Order;

otherwise, the Motion is denied.  Affirmative Defense One is

**deemed withdrawn.**

DONE and ORDERED at Fort Myers, Florida, this __17th__ day of

October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record